IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Dist. No. 03-cr-40065-JPG ) App. No. 04-1981 |
| SINFORIANO GANDARILLA-OLEA, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Seventh Circuit pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *Paladino* set forth a procedure to address criminal cases on appeal where the district court imposed a sentence prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court found the application of mandatory federal sentencing guidelines as written unconstitutional. *Id.* at 746, 749-50. However, the Supreme Court held that the proper remedial measure to save the guidelines was to strike the portions of the Sentencing Reform Act of 1984 that make application of the guidelines mandatory as opposed to advisory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Id.* at 764-67. Those provisions having been stricken from the Sentencing Reform Act, judges, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767; *see* 18 U.S.C. § 3553(a)(4) & (5). *Paladino* asks sentencing courts to determine whether particular sentences would be any different under advisory sentencing guidelines. *Paladino*, 401 F.3d at 484.

Defendant Sinforiano Gandarilla-Olea ("Gandarilla-Olea") pled guilty on December 5, 2003,

to illegal reentry into the United States by an alien who had been convicted of an aggravated felony and who had previously been deported in violation of Title 8 U.S.C. § 1326(b)(2). The statutory sentencing range for this crime as charged is zero to twenty years. 8 U.S.C. § 1326(b)(2). At the sentencing on March 29, 2004, the Court found that Gandarilla-Olea's base offense level under U.S.S.G. § 2L1.2 was 8. The Court increased his offense level by 16 under U.S.S.G. § 2.L1.2(b)(1)(A)(ii) because his prior felony was a crime of violence and decreased his offense level by 3 because he accepted responsibility for his crime, yielding a total offense level of 21. The Court found that his criminal history category was VI and that his sentencing range was therefore 77-96 months in prison. The Court denied Gandarilla-Olea a reduction for cultural assimilation. The Court sentenced Gandarilla-Olea to serve 77 months in prison.

On April 15, 2005, the Court of Appeals ordered a limited remand of this case for the Court to determine whether, if it was required to resentence Gandarilla-Olea after *Booker* and under advisory sentencing guidelines, it would reimpose the original sentence. *See Paladino*, 401 F.3d at 484. The Court solicited the views of counsel and each side has made a written submission. The government argues that Gandarilla-Olea's sentence is reasonable under 18 U.S.C. § 3553 mainly because of his extensive criminal history, including aggravated assault, weapons charges and controlled substances spanning from 1984 until this case began. Further, the government believes that the defendant must be punished so that he will be deterred from reentering the United States again.

On the other side, Gandarilla-Olea argues that the Court should impose a lower sentence because of the nature of his offense and his reasons for its commission. Gandarilla-Olea highlights the fact that his family resides in the United States and that he returned to the United States to be

2

with and help support his family. He emphasizes the needs of his family and the fact that he committed no crime of violence or opportunity, but simply came back to the U.S. to be with his family. Additionally, the defendant reiterates the cultural assimilation that the Court rejected at his original sentencing. The Defendant believes that his ultimate deportation which will keep him away from his family for the rest of his life and the time he has already served are sufficient to reflect the seriousness of his crime.

The Court has reviewed the parties' memoranda and has determined that if it was required to resentence Gandarilla-Olea after *Booker* and under advisory sentencing guidelines, it would reimpose the same sentence. The Court has considered the factors set forth in 18 U.S.C. § 3553(a) and believes that a 77-month sentence is sufficient but not greater than necessary to effect the purposes of the Sentencing Reform Act of 1984.

With respect to the specific arguments and Amended Motion for Downward Departure raised by Gandarilla-Olea in his sentencing memorandum, the court has considered Mr. Gandarilla's cultural assimilation argument and his cultural ties to the United States and finds that under the circumstances a departure below the guidelines for this reason is not merited. A sentence within the guideline range will rarely be unreasonable, and a defendant can rebut the presumption by showing that the sentence is unreasonable in light of the factors in 18 USC sec. 3553(a). Although not unsympathetic to the defendant's plight, the court finds that the defendant has not rebutted this presumption in light of the factors in 3553(a), considering the nature and circumstances of the offense by returning to the United States violating an order of deportation, his extensive criminal history, and the need to afford adequate deterrence to further criminal conduct by returning again to the United States after his likely deportation from this case.

For these reasons, the Court would reimpose the same sentence were it required to resentence Gandarilla-Olea today.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals.

**IT IS SO ORDERED:**

**Date:  February 7, 2006**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**